UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KEVIN WILLIAM CASSADAY,

          Plaintiff,

v.

PURE OPTIONS, et al.,

          Defendants.
_____/

Case No. 1:22-cv-532

Hon. Hala Y. Jarbou

## OPINION

This is an action brought by a pretrial detainee. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous and for failure to state a claim.

## Discussion

### I.  Factual allegations

Plaintiff is presently detained at the Newaygo County Jail pending trial. Plaintiff sues Pure Options, a provider of premium cannabis products, and Micah Siegal, who is, apparently, somehow associated with Pure Options.

Plaintiff alleges that he twice attempted to purchase medical marijuana from Pure Options during October of 2021 using the "Weedmaps" platform. (Compl., ECF No. 1, PageID.3.) He ordered for curbside service; but when he arrived, employees informed him that they did not have his order. They questioned whether he was in the right place. Plaintiff alleges that Pure Options "jacked up" prices "to create hardships in PLTF'S life & marriage." (*Id.*, PageID.4.) Moreover, Plaintiff claims, Pure Options charged him taxes appropriate for recreational marijuana even though his use was medical. Plaintiff contacted the Ingham County Sheriff and the Michigan State Police, to no avail.

Plaintiff claims the oppression he suffered resulted in the conduct that led to his criminal prosecution in *United States v. Cassaday*, No. 1:21-mj-562 (W.D. Mich.) for interstate communication of a threat, in violation of 18 U.S.C. § 875(c), and for making a threat to injure a federal judge, in violation of 18 U.S.C. § 115(a)(1)(B), a case which Plaintiff alleges is "associated" with the present complaint. (*Id.*, PageID.1.)

Plaintiff contends that Defendants have wrongfully imprisoned him, maliciously prosecuted him, conspired against his rights in violation of 18 U.S.C. § 241, committed hate crimes in violation of 18 U.S.C. § 249, obstructed justice in violation of 18 U.S.C. §§ 1512 and 1513, misprision of a felony, in violation of 18 U.S.C. § 4, and engaged in a "trick scheme in [an] attempt to get PLTF. committed & defraud." (*Id.*, PageID.2.)

Plaintiff asks the court to take all of the cash and assets of the Defendants, to force them to suffer the same experience of incarceration that Plaintiff has suffered, to impose the maximum time penalty, to make the Defendants slaves—forcing them to dig ditches by hand, to impose the maximum monetary penalties, to tell the truth to Plaintiff's ex-spouse about the conspiracy against Plaintiff, and for accountability of all conspirators. (*Id.*, PageID.6.) Plaintiff also seeks relief under

18 U.S.C. § 1514 regarding the entry of a temporary restraining order to restrain harassment of a victim or witness.

## II. *In forma pauperis* status

Plaintiff has sought leave to proceed *in forma pauperis*. (ECF No. 2.) But Plaintiff has not complied with the requirements of 28 U.S.C. § 1915(a) regarding a certified trust account statement. Plaintiff reports that despite several requests, he has been unable to obtain such a statement. Although Plaintiff has not strictly complied with the statute, the Court will grant his motion to proceed *in forma pauperis*. The Court must nevertheless require payment of the entire filing fee in installments, in accordance with 28 U.S.C. § 1915(b)(1). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled in other part by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997). The civil action filing fee is $350.00 when leave to proceed *in forma pauperis* is granted. Any subsequent dismissal of Plaintiff's case, even if voluntary, does not negate Plaintiff's responsibility to pay the fee. *McGore*, 114 F.3d at 607.

Typically, Plaintiff would be required to pay a portion of the $350.00 fee as an initial partial filing fee. Absent a certified account statement, it is impossible to determine an appropriate initial partial filing fee. Accordingly, the Court will proceed as if Plaintiff had no funds in his account during the six-month period preceding the filing of the complaint. The Court will not require Plaintiff to pay an initial partial filing fee. *Id.* at 606 (citing 28 U.S.C. § 1915(b)(1)).

However, Plaintiff is not relieved from paying the $350.00 filing fee when funds become available. *Id.* Plaintiff must pay the $350.00 filing fee through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account. *See* 28 U.S.C. § 1915(b)(2). These payments will be forwarded by the agency having custody of Plaintiff to the Clerk of this Court each time the amount in Plaintiff's trust account exceeds $10.00, until the filing

3

fee is paid in full. *Id.*; *McGore*, 114 F.3d at 607; *Hampton*, 106 F.3d at 1284. If the amount in Plaintiff's account is $10.00 or less, no payment is required for that month. *See Hampton*, 106 F.3d at 1284–85.

### III. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

#### A. Defendant Seigal

Plaintiff makes no specific allegation against Defendant Micah Seigal. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550

U.S. at 545 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Plaintiff fails to even mention Defendant Micah Siegal in the body of his complaint. His allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff's claim is frivolous and he fails to state a claim against Defendant Siegal.

### B.     Defendant Pure Options

The connection between Pure Options' alleged failure to provide—or failure to provide immediately—Plaintiff's medical marijuana and his criminal prosecution is not at all apparent from Plaintiff's allegations. But Plaintiff does refer the Court to his criminal case. The complaint

from that case reveals that Plaintiff used the events at Pure Options as the basis for making threatening telephone calls to federal court personnel on October 15, and October 19, 2021.

Plaintiff purports to sue Pure Options under several federal criminal statutes. It is not at all clear that Plaintiff's allegations suffice to demonstrate violations of those statutes, but even if they did, that would not give Plaintiff a right to sue for the violation. As the Sixth Circuit has explained:

> We do not casually, or for that matter routinely, imply private rights of action in favor of the victims of violations of criminal laws. *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994). Quite the opposite is true, as all of the following cases confirm. *See, e.g.*, *Stoneridge Inv. Partners, LLC v. Scientific–Atlanta, Inc.*, 552 U.S. 148, 165–66 (2008); *Central Bank of Denver*, 511 U.S. at 190–91; *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979); *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 20 (1979); *Cort v. Ash*, 422 U.S. 66, 80 (1975).

*Ohlendorf v. United Food & Commercial Workers Int'l Union, Local 876*, 883 F.3d 636, 642 (6th Cir. 2018).

"This Court has long held that individuals cannot claim monetary damages arising from alleged violations of 18 U.S.C. §§ 241 and 242." *Weathers v. Holland Police Dep't*, No. 1:13-cv-1349, 2015 WL 357058 at *2 (W.D. Mich. Jan. 27, 2015) (citing *Horn v. Peck*, 130 F.Supp. 536 (W.D.Mich.1955); *see United States v. Oguaju*, 76 F..App'x 579, 581 (6th Cir. 2003) ("[T]he district court properly dismissed [the plaintiff's] claim pursuant to 18 U.S.C. §§ 241 or 242 because [the plaintiff] has no private right of action under either of these criminal statutes."). Similarly, the Hate Crimes Prevention Act, 18 U.S.C. § 249, does not authorize a private right of action. *Everage v. Central Broad. Sys. Corp., Inc.*, No. 7:18-102, 2019 WL 1063367, at *2 (E.D. Ky. Mar. 6, 2019) (collecting cases). Sections 1512 and 1513 of Title 18, United States Code, likewise have been found to not give rise to a private right of action. *See, e.g.*, *Jennings v. Bennett*, No. 1:17-cv-555, 2017 WL 3712176, at *12 (W.D. Mich. Aug. 29, 2017) (§ 1512); *Grein v. Kajy*, No. 20-11086, 2020 WL 7075280, at *7 (E.D. Mich. Dec. 3, 2020) (§ 1513). And there is no private right of

action for misprision of a felony. *Wolf v. Petrock*, 382 F. App'x 674 (10th Cir. 2010). Finally, 18 U.S.C. § 1514, though it authorizes entry of temporary restraining order to prevent harassment upon the request of the government, creates no private right of action. *Blackmon v. Escambia Cnty. School Bd.*, 568 F. App'x 848, 850 (11th Cir. 2014).

Plaintiff's remaining claims for wrongful imprisonment, malicious prosecution, and fraud are state law claims. To the extent Plaintiff attempts to raise the claims as part of a federal claim that Pure Options violated Plaintiff's rights under 42 U.S.C. § 1983, the attempt fails for two reasons. First, claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Pure Options violated state law therefore cannot state a claim under § 1983.

And second, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege not only the violation of a right secured by the federal Constitution or laws, he must also show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Plaintiff alleges no facts to support an inference that Pure Options was acting under color of state law.

Alternatively, it is possible that Plaintiff alleged the three state law torts because he intended to invoke this Court's supplemental jurisdiction over state-law claims. The Court declines to exercise jurisdiction. Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a

plaintiff's federal law claim, it should not reach state law claims." (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotations omitted)). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-law claims are properly dismissed without prejudice.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims will be dismissed as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Plaintiff's state-law claims will be dismissed without prejudice. The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:  July 11, 2022                                 /s/ Hala Y. Jarbou
                                                                  HALA Y. JARBOU
                                                                  UNITED STATES DISTRICT JUDGE